THE OSAGE VALLEY and SOUTHERN KANSAS R. R. Co. Defendant in Error *vs.* THE COUNTY COURT of MORGAN COUNTY, *et al.*, Plaintiffs in Error.

1. *Municipal Corporations—Railroads, power to subscribe to*—It is too late now to question the power of municipal corporations to subscribe to railroad corporations.

2. *Mandamus—Prayer—Facts alleged and established—Circuit Court*—The Circuit Court may disregard the prayer in the petition for a mandamus, and conform its final order to the facts alleged and established.

*Error to Morgan Circuit Court.*

*Anthony & Spurlock* for Plaintiffs in Error.

I. The 14th Section of the act incorporating this railroad is unconstitutional and against public policy, as it gives, to the County Court without restriction or limitation, the power to confiscate, by taxation, the entire property of any citizen of the county. (Wells vs. City of Weston, 22 Mo. 384; W. S. 36, § 16.)

II. The writ should not only show facts sufficient to entitle the relator to the relief he claims, but it should also show his right to all the claims. (Moses Mand. 206, 207.) And the command of the writ must also be according to the duty. (Moses Mand. 209, 1 Hill, 50, 55; 35 Barb. 110.)

III. The peremptory writ must correspond with the alternative. (Moses Mand., 208, 209, 222.)

*J. P. Ross*, for defendant in Error.

NAPTON, Judge, delivered the opinion of the court.

This was an application to the Circuit Court of Morgan county, by the Osage Valley and Southern Kansas Railroad Company, for a mandamus directing the County Court of Morgan county to comply with the terms of a certain subscription to said company of $30,000, made at the November term of said court, 1870.

The order, as stated in the petition, appointed one Mills as Fiscal Agent of the county, and directed him to have bonds to the amount of $30,000 lithographed, and to sell them to the best advantage, and hand over the proceeds to the railroad company as the work progressed.

The petition asserted that the bonds were prepared and delivered to the court, and that the court refused to hand them over to the company, and the prayer of the petition is, that the court will issue a mandamus compelling the court to deliver said bonds to said company, or show cause to the contrary.

In the return to the alternative writ of mandamus the County Court mainly rely on the assertion, that said subscription "was falsely and fraudulently made by one justice of the said County Court, no other justice being present, as appears by the records of the said County Court," and they further aver that said court was not in session when said pretended order was made.

The return also sets up, that the company are not the fiscal agents of Morgan county, and that the company has no right to the bonds, according to the terms of the order authorizing the subscription.

They also insist, that the fourteenth section of the act entitled " an act to incorporate the Osage Valley and Southern Kansas Railroad Company, approved November 21;1857," upon which said subscription is based, is unconstitutional.

In the plea to the return there is a denial, that the subscription is fraudulent or against the Constitution of the State or of the United States.

By a replication to the plea an issue is made as to the facts asserted in the return.

After a trial of the issues the court ordered a peremptory mandamus, directing the court to deliver into the hands of the Fiscal Agent of Morgan county, or into the hands of such other person as may be appointed Fiscal Agent, the bonds issued.

There was a motion in arrest, and a motion to set aside the judgment of peremptory mandamus. The bill of exceptions shows the evidence in the case, which consisted mainly of the records of the County Court, containing the order, and oral testimony by the three judges and the clerk as to the mode and manner of the order.

The points principally disputed in this court are:

First. The validity of the 14th section of the charter of the Osage Valley and Southern Kansas Railroad Company.

Second. That the order of the County Court was fraudulent and void.

Third. That the peremptory mandamus did not correspond with the alternative mandamus, nor with the prayer of the petition, but ordered the court to hand over the bonds to its Fiscal Agent and not to the plaintiff.

The first question hardly needs discussion. It is too late now to question the power of municipal corporations to subscribe to railroad enterprises. It might have been better if the courts had decided the question otherwise at the beginning, but this court, since the case of the City of St. Louis vs. Alexander, (23 Mo., 283), has acquiesced in the general and and prevalent doctrine. Millions of dollars have been invested on the faith of such decisions, and it would be a bold and hazardous experiment to undertake a new investigation of the subject. It is true that constitutional questions are always open to examination, but practically courts must regard precedents, on the faith of which the people have acted for years, especially where there can be a doubt concerning the matter decided. We believe, outside of the fifty or sixty cases deciding such subscriptions valid, there are perhaps two decisions to the contrary, and they are the opinions of learned and able jurists, but the courts generally—and this court among others—have uniformly sustained the power.

As to the alleged fraud in the order of the court, an issue of fact was presented by the pleadings, and tried by the court, and the court found against the appellant. The record showed that the court was in session, and that a majority of the judges made the order, and conceding the right to show the falsity of the record by oral proof, the testimony of the three judges and clerk fails to establish any fraud.

The peremptory, or final, order of the Circuit Court to deliver the bonds to their Fiscal Agent, instead of to the plaintiff, was undoubtedly right, although it does not correctly conform

to the prayer of the petition. The facts stated in the petition, and proved on the trial, required such an order, and the court may disregard the prayer of the petition and conform the final order to the facts alleged and established.

Judgment affirmed. The other judges concur.