SCHOOL DISTRICT No. 1 v. THE BOARD OF EDUCATION OF LAMAR, *Appellant.*

$\frac{73}{37a} \frac{627}{101}$

1. **Schools**; LIABILITIES GROWING OUT OF SUBDIVISION OF DISTRICTS. While the school law of 1870, (Sess. Acts, p. 138,) was in force, a sub-district was divided into two, and the one in which the school house was situated was shortly afterward organized as a town school district under the control of a board of education. The school house had been built with money collected by taxation from the whole of the original sub-district. *Held*, that under these circumstances the town district was bound to contribute to the erection of a school house in the other district; and this obligation, even if annulled by the revised school law of 1874, (Sess. Acts, p. 147,) was renewed by the amendatory act of of 1875, (Sess. Acts, pp. 145, 146).

2. **Mandamus.** The final order in mandamus need not conform to the prayer of the petition, nor to the mandatory clause in the alternative writ, but may be framed according to the facts established. Following *Osage Valley, etc., R. R. v. Morgan Co. Ct.*, 53 Mo. 156. But see *State v. Holladay*, 65 Mo. 76.

*Appeal from Barton Circuit Court.*—HON. J. D. PARKINSON, Judge.

AFFIRMED.

This was a proceeding by mandamus to compel the Board of Education of the town of Lamar, to refund to the inhabitants of School District No. 1, township 32, range 30, in Barton county, the amount due on account of taxes collected in said district No. 1 and expended in the erection of a school house in the territory under the control of the board. The claim of the relator was founded on the following facts: In 1869 and 1870 a large amount of taxes were levied and collected in what was then known as Sub-district No. 1 of School Township No. 9, for the purpose of building a school house. In May, 1870, by order of the Township Board of Township No. 9, a portion of said Sub-district No. 1 was set apart and erected into a sub-district known as Sub-district No. 4. In December, 1870 the remainder of the original Sub-district No. 1 was,

on a vote of the inhabitants, organized into a school district, under the name of the Board of Education of the town of Lamar. The money raised by the above mentioned levies was expended in building a school house in the town, and at a place so remote from Sub-district No. 4, that its inhabitants never derived any benefit therefrom. By virtue of the act of the General Assembly of March 5th, 1874, Sub-district No. 4 became a school district, under the name of District No. 1, and under this name was the relator in this proceeding. In the year 1874, it became necessary to build a school house in this district, and a demand was thereupon made upon the Board of Education of the town that they collect from the town the sum of $284, the amount which the relator claimed to be justly and equitably entitled to, and that they pay that amount to relator, to be used in the erection of said building. These facts were averred in the information and alternative writ, and it was further averred that the Board of Education of the town thereupon caused an estimate to be made of the amount justly and equitably due relator, and the sum of $284 was found to be justly and equitably due relator; that respondent refused to cause said sum to be collected from its taxable property, and that relator had no remedy, except by writ of mandamus. The alternative writ commanded the directors to collect from the taxable property of respondent the said sum of $284, in the same manner as other estimates, for the use of District No. 1, or to show cause to the contrary. The return denied all the material facts alleged. Upon the trial the court found the facts substantially as above stated, with this exception : That the board never had ascertained the amount due relator ; that they had appointed a committee who had ascertained and reported the amount, but the board had rejected the report. A peremptory writ was thereupon awarded, requiring the board to proceed to ascertain the amount collected from the territory comprising District No. 1, (the relator,) for building said school house, and to cause the

same to be levied and collected and held for the use and benefit of said district, subject to the orders of the directors thereof.

*Robinson & Harkless* for appellant.

The proceeding was brought in 1876, under the law of 1870, which had been repealed in 1874 without a saving clause, and directs the Board of Education of Lamar to perform a duty which belonged to the township board under the law of 1870, and to the arbitrators and the district clerk under the law of 1874, and which the town board have never been authorized to do under any law. It was provided by the act of 1874, how this class of claims should be ascertained and paid; but that act is not retrospective. Acts 1874, p. 152, §§ 19, 20; *State v. State Auditor*, 41 Mo. 25; *Sayre v. Wisner*, 8 Wend. 661; *Quackenbush v. Danks*, 1 Denio 128. If we concede that the Board of Education is the successor of the old township board, so far as to give them jurisdiction of the matter, then they must act under the law of 1874; and their only duty is to appoint one disinterested freeholder, the relator having appointed one. Acts 1874, p. 152, §§ 19, 20. And then it would become the duty of the district clerk to levy a tax to pay the amount ascertained on the property contained in the former limits of the district, which must include the property of both parties to this suit. Acts 1874, p. 152, § 20. And again, if we concede that the Board of Education of Lamar are the successors, and also that they should act under the law of 1870, even then the tax should have been levied upon and collected from the property of the whole township and not from the Lamar district. Wag. Stat., (1870,) p. 1247, § 25. The law of 1870 being repealed, the 1874 law makes no provision for the ascertainment of the amount due relator. School Law 1874; *Response to Gov.*, 43 Mo, 351; *Ex Parte Donaldson*, 44 Mo. 149; *U. S. v. Heth*, 3 Cranch 413; Wag. Stat., (1870,) 1247, § 25; *Harvey v. Tyler*, 2

Wall. 328. The peremptory writ requires the respondent to ascertain the amount, while the alternative alleges this to have been done. The peremptory writ requires the amount of taxes paid in to be ascertained, while the alternative required the amount just and equitably due to be ascertained. The court had no authority to make these changes, thus introducing two issues which have not been tried. High's Ex. Leg. Rem., § 548; *Chance v. Temple,* 1 Iowa 179; *Price v. Harned,* 1 Iowa 473; *State v. County Judge,* 12 Iowa 237.

*A. J. Wray* and *E. Buller* for respondent.

Upon the facts shown in the record and finding of the court, the relator is entitled to a remedy by a writ of mandamus in this case. Wag. Stat., 1247, § 25; Acts 1870, p. 139, § 1, and p. 145, § 25; Acts 1874, p. 148, § 1; *Thompson v. Abbott,* 61 Mo. 176; *Rice v. McClelland,* 58 Mo. 116. The act approved March 12th, 1875, amending the School Law of 1874, preserves to districts all the rights and liabilities of the sub-districts of which they are successors. Acts 1875, p. 145. The circuit court had a right to disregard the prayer in the petition and the form of the mandatory clause of the alternative writ, and conform its final order to the facts alleged and established. Wag. Stat., 1034, § 5; Wag. Stat., 1037, § 25; 53 Mo. 156.

I.

SHERWOOD, C. J.—Whatever rights were acquired by relator under and by virtue of the law approved March 19th, 1870, (Sess. Acts, 138,) were preserved to it by the act approved March 12th, 1875. Sess. Acts, 145. For even though it be conceded that section 93 of the act approved March 26th, 1874, repealed all acts and parts of acts inconsistent therewith, yet the act of 1875, *supra,* in amending section 93, makes express proviso that the rights acquired or liabilities incurred by any district formed by virtue of

the act of 1870, should remain and be enforceable in the same manner as before. There can be no question, therefore, as to respondent's liability, nor the justness of relator's claim.

## II.

It is not material that the final order of the circuit court does not conform to the prayer in the petition nor to the mandatory clause in the alternative writ. The circuit court had the right to conform its final order to the facts established. *Osage Valley, etc., R. R. Co. v. County Court of Morgan Co.*, 53 Mo. 156. Judgment affirmed. All concur.