[No. 11370. In Bank. — April 27, 1886.]

MARTIN KELLY ET AL., PETITIONERS, v. FRANK G. EDWARDS ET AL., RESPONDENTS.

BOARD OF FIRE COMMISSIONERS — SAN FRANCISCO — VACANCY IN OFFICE — MEMBERS OF BOARD — MANDAMUS. — The application was for a writ of mandate to compel the respondents, as members of the board of fire commissioners of the city and county ⌐f San Francisco, to admit the petitioners to the use and enjoyment of their respective rights of office as alleged members of the board. As to the petitioner Siebe, the peti-

tion alleged that he had been a member of the board, and that his term of office expired on the 5th of December, 1885, and that in anticipation of such expiration he had been elected by the board of supervisors of the city and county on the 9th of November, 1885, to fill the vacancy so about to occur. It did not appear from the petition that Siebe was not continuing to serve, or that the respondents had prevented him from acting as a member of the board. As to the petitioner Kelly, the petition alleged that he had at the same time been elected by the board of supervisors to fill the vacancy about to be caused by the expiration of the term of one Mason, a member of the board. The petition failed to show that Mason was not holding over, or that there was not an incumbent of the seat claimed by Kelly. *Held*, that the petition was insufficient.

ID. — TITLE TO OFFICE CANNOT BE TRIED BY MANDAMUS. — A writ of mandate will not lie to compel the board to admit a person claiming to be a member thereof in the place of an incumbent asserting a right to the place, and actually enjoying its benefits, and discharging its duties, with the assent of the other members of the board.

ID. — INCUMBENT MUST BE PARTY TO PROCEEDING. — Conceding that the right to an office may be tried by *mandamus*, the writ will not issue unless the person, if any, in possession of the office, is made a party to the proceeding.

APPLICATION for a writ of mandate. The facts are stated in the head-notes and opinion of the court.

*John L. Love,* and *J. N. E. Wilson,* for Petitioners.

*Doyle, Galpin & Scripture,* for Respondents.

McKINSTRY, J.— The allegation of the petition is, in effect, that the respondents refuse to recognize the validity of the appointments of November 9, 1875, or to permit the petitioners to sit and act as members of the board of fire commissioners, under and by virtue of their November appointments respectively. The petition shows that *Siebe* was a commissioner under an appointment for a term to expire December 5, 1885, and until his successór should qualify. There is no express averment in the petition,—and no averment from which it is necessarily inferable that Siebe has not continued to serve as fire commissioner, or that the respondents have prevented him from acting as a member of the board, or from discharging any of the duties of commissioner,

or that they have interfered with any right or privilege attached to or connected with his office as commissioner.

The demand made on respondents, as alleged in the complaint, was that the petitioners "be allowed to take their seats as members of said board, by reason of said election and appointment" in November. The refusal of the respondents to comply with the demand should be construed to be as broad and no broader than the demand. And such is the effect of the averments as understood by counsel for petitioners. His brief contains the statement: "He (Siebe) claims by virtue of his· appointment for a term of four years. Respondents recognize him only as a 'hold-over'; that is, as holding until the appointment and qualification of his successor."

The validity of the November appointments is a matter of law, as to which the opinion of respondents could be of no consequence, except as a wrong opinion might be an excuse for depriving Siebe of some actual right, or be a basis for a refusal to perform a duty imposed by law upon themselves.

*Mandamus* can be resorted to to compel *a duty specially enjoined by law*. But for aught that appears, Siebe is now enjoying every right and privilege connected with the office of fire commissioner. What duty have the respondents to perform in the premises? It is no part of their duty to declare their judgment that the November appointments were regular and legal. And the opinion of ·this court on that subject cannot be obtained under a pretext of a proceeding to compel the respondents to do that which the law does not require them to do. If Siebe is enjoying all the rights to which a member of the board is entitled, how can it be said that the board has precluded him from the enjoyment of the office? Certainly the opinion of a majority of the board, that he is enjoying his rights as a hold-over, and not by virtue of an appointment for a new term, is unimportant.

It is said Siebe cannot sue himself as an intruder.

That may be true, but until he is disturbed in the enjoyment of some substantial right there is no necessity for any litigation. His right to hold the office for any definite term cannot be determined or strengthened by any action of the other members of the board.

The petition fails to show that *Mason* is not holding over, or that there is not now an incumbent of the seat claimed by the petitioner· Kelly. If there be such incumbent claiming a right to the place, and actually enjoying its benefits and discharging its duties, with the assent of the other members of the board, we cannot here adjudge that petitioner Kelly has a better title to the office than the occupant: first, because the incumbent is not a party to this action; second, because *mandamus* is not the appropriate mode of trying the title to an office.

It will not be contended that the respondents or the board should be 'compelled to admit to the board a *sixth* fire commissioner.

If there be an incumbent of the seat demanded by Kelly, it must follow that a judgment would be to command that the board be composed of six members, or to command not only the admission of Kelly, but the *expulsion* of another person.

The petition is defective in that it does not appear therefrom that Siebe has been refused admission to the board, or that he has not been continuously enjoying all the rights of office as a member thereof. It is defective in not showing that there is no ·person in possession of the office claimed by Kelly who asserts a right thereto adverse to Kelly. This last is true even if the right to the office can be tried by *mandamus*, because the person, if any, in possession has not been made a party to this proceeding.

If there be such person, and the petitioner shall aver him to be a usurper, the title to the office can be tried in the manner provided by the Code of Civil Procedure. (Secs. 803–810.)

There can be no great hardship in requiring the petitioners here to state in their complaint, fully and distinctly, the facts which show them to be entitled to a writ of mandate.

Since the submission of this cause, our attention has been called to *Lewis* v. *Whittle,* 77 Va. 415.

In that case, the *mandamus* was refused. It was held, however, that wherever there is a right to exercise an office, and one is dispossessed of such right, and has no other adequate specific remedy, *mandamus* should be allowed; and that inasmuch as *quo warranto,* while it might remove the incumbent, would not put the petitioner in possession, *quo warranto* is not an adequate remedy. But by our code, in an action for usurpation of an office, judgment may be rendered upon the right of the party claimed to be entitled to the office. (Code Civ. Proc., sec. 805.) In the Virginia case the petition for writ of *mandamus* was by John F. Lewis and eighteen others (appointed by the governor visitors of the medical college), to command the *respondents,* Whittle and eighteen others, who were the acting visitors of the college, to deliver to the petitioner the possession thereof. In the case at bar the incumbent of the office claimed by Kelly, if there be an incumbent, is not a party to the proceeding.

Demurrer sustained, with leave to petitioners to file an amended petition in fifteen days.

SHARPSTEIN, J., MORRISON, C. J., McKEE, J., and MYRICK, J., concurred.

THORNTON, J., dissented.