THE STATE OF MISSOURI *ex rel.* THE STATE SAVINGS BUILDING & LOAN ASSOCIATION, NUMBER 1, Respondent, v. CHARLES H. R. DAVIS, Appellant.

St. Louis Court of Appeals, May 30, 1893.

1. **Mandamus**: PROCEEDING TO COMPEL SURRENDER OF CORPORATE BOOKS AND PAPERS BY RETIRING OFFICER. *Mandamus* will lie upon the petition of a private corporation to compel the surrender of its records, books and papers, when these are withheld by one of its former officers. Especially will the courts exercise this jurisdiction when it is made to appear that the books and papers have been concealed and cannot be reached by ordinary legal process.

---

* This opinion has been published in 22 S. W. Rep. 345.

2. ———: ———: AUDITING OF OFFICER'S ACCOUNTS. When the term of a secretary expires, it is his absolute legal duty, whether his accounts have been adjusted or not, to deliver up on demand all the property in his possession by virtue of his office. Accordingly, such surrender will be enforced by writ of *mandamus* without first requiring the adjustment of his accounts.

3. ———: PEREMPTORY WRIT. *Held*, in the course of discussion, that in proceedings by *mandamus* the peremptory writ must in all particulars strictly conform to the alternative writ, and, therefore, that a peremptory writ must be denied, if the relator is not entitled to the performance of the command of the alternative writ.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

Chester H. Krum, for appellant.

*W. M. Kinsey* and *Frank E. Richey*, for respondent.

BIGGS, J.—This is a proceeding by *mandamus* to compel the defendant to deliver to the relator the records, books and papers connected with and pertaining to the relator's business.

It was alleged in the petition, and also in the alternative writ, that the defendant obtained possession of the relator's said property as secretary of the association; that at the annual meeting of the stockholders held in December, 1892, a new board of directors of the association was selected for the ensuing year, and that on January 16, 1893, the defendant's successor in office was duly elected and had qualified, and that the defendant had not only refused on demand to surrender to the relator its said property, but had concealed the same so that it could not be reached by ordinary legal process.

Three reasons are stated in the return why a peremptory writ of *mandamus* should not issue: *First.*

That the defendant is the lawful secretary of the association, and as such is the lawful custodian of its records, books and papers. *Second.* That he should not be compelled to surrender the books of account until his accounts as secretary are properly audited and settled; and that he had frequently applied to the relator to have such accounting made, which the relator had refused to have done. *Third.* That the alleged election of the new board of directors was illegal and void, for the reason that the president of the association failed to appoint inspectors to receive and count the votes polled by shareholders, as required by the laws of the association.

The reply put in issue the new matter set forth in the return. On the hearing a peremptory writ was ordered to issue, requiring the immediate and unconditional surrender of the property.

The record of the annual meeting of the stockholders of the association, which was held in conformity with the by-laws on the third Monday in December, 1892, was read in evidence by the relator. It showed that at that meeting an election was held, and a new board of directors was selected for the ensuing year. There was a meeting of this board held on January 16, 1893. The record of the proceedings of that meeting shows that new officers were elected by the board, and that Ben M. Lowenstein was chosen as secretary of the association. There was no evidence to the contrary, or in anywise impeaching the regularity of the proceedings either at the meeting of the stockholders or at that of the newly elected board of directors. Neither was there any evidence to sustain the averment in the return, that the defendant had asked and the relator refused to have the books audited and the defendant's accounts as secretary adjusted. Hence

there is but one question presented for our determination, and that is whether the relator was entitled to a peremptory writ of *mandamus* for the absolute and unconditional surrender of its property.

It is now well established that *mandamus* will lie upon the petition of a private corporation to compel the surrender of its records, books and papers, which are unlawfully withheld by one of its former officers. *American Frog Co. v. Haven,* 101 Mass. 398; *St. Luke's Church v. Slack,* 7 Cush. 226; *Fasnacht v. German Ass'n,* 99 Ind. 133; *State ex rel. etc. v. Goll,* 32 N. J. L. (3 Vroom) 285; *Rex v. Wildman,* 2 Strange, 879; High on Extraordinary Legal Remedies [2 Ed.] sec. 74. Especially will the courts exercise the jurisdiction when it is made to appear, as in the present case, that the property has been concealed and cannot be reached by ordinary legal process.

We do not understand counsel to deny that *mandamus* is the proper remedy in a case like we have here, but the contention is that the peremptory writ should have required the adjustment of the defendant's accounts as secretary as a condition precedent to the surrender of the books. This contention is not tenable, for the reason that such a conditional order would not have conformed to the terms of the alternative writ or to the prayer of the petition. The rule in this state now is that the relief asked in the petition for *mandamus* is the only relief that can be granted on a final hearing. When this question was first before the supreme court (*Railroad v. County Court,* 53 Mo. 156), it was decided that the court in its final order might disregard the prayer of the petition and grant such additional or modified relief as the facts warranted. But in the subsequent case of *State ex rel. v. Railroad,* 77 Mo. 143, the contrary doctrine was held, and the case of *Railroad v. County Court, supra,* was expressly

overruled. It was there held that the peremptory writ must in all particulars strictly conform to the alternative writ. Therefore, if the alternative writ commands the doing of one thing, it is incumbent upon the relator to show that he is entitled to the performance of the thing specified, and, if he fails in this, the peremptory writ will be denied. This rule was adhered to in the latter case of *School District v. Lauderbach*, 80 Mo. 190.

As the alternative writ in the present case required the immediate and unconditional surrender of the property, it was not within the power of the circuit court on the final hearing to modify or attach conditions to the original order. If the relator failed to establish the right as against the defendant to the immediate possession of its property, the court should have denied the peremptory writ and dismissed the proceedings.

We are of the opinion that the relator was entitled to the absolute and immediate possession of its property, and that the circuit court was right in its conclusions. The possession of the property by the defendant was at all times the possession of the relator, and at the expiration of his term of office it was his absolute legal duty, whether his accounts as secretary had been adjusted or not, to deliver up on demand all property which had come into his possession by virtue of his office. This view is sustained by equitable considerations as well. The adjustment of the defendant's accounts could have been made as well after as before the delivery of the books; whereas their retention by him has undoubtedly produced great confusion, if not actual loss, in carrying on the relator's business.

In the case of *State ex rel. v. Goll, supra*, the defendant, who had been acting as secretary of the relator, justified his retention of its books upon

the ground that he had purchased the books with his own money, for which and arrears of salary the relator was still indebted to him. It was said by the court, that, since possession of the officer is regarded as the possession of the corporation, it is not sufficient objection to granting the writ (mandamus) that he has purchased the books with his own money, nor will relief be withheld because the corporation is still indebted to him for the purchase price of the books or for arrears of salary.

The judgment of the circuit court will be affirmed. Judge BOND concurs. Judge ROMBAUER is absent.