[No. 4436.    Decided February 20, 1903.]

STANDARD GOLD MINING COMPANY, *Respondent,* v. W. M. BYERS, *Appellant.*

TITLE TO OFFICE — DETERMINATION IN REPLEVIN SUIT — INJUNCTION.
The title to a corporate office cannot be tried in an action of replevin to recover the personal property of the corporation from an officer in possession of the office and performing its duties under a *bona fide* claim of right; hence an order of the court granting a temporary mandatory injunction directing the incumbent to turn over all the property and insignia of his office to a third party pending the determination of such action was erroneous.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge. Reversed.

*Crow & Williams,* for appellant.

*Stoll & Macdonald,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was brought by the respondent (plaintiff below) against the appellant (defendant below) for the possession of certain books, papers, and moneys belonging to the respondent. It appears that the property sued for came into possession of the appellant as secretary and treasurer of the respondent corporation. It is alleged in the complaint "that on the 6th day of November, 1901, the defendant's term of office as such secretary and treasurer terminated, and his successor, James Dawson, Esquire, was duly elected by the trustees of the plaintiff corporation, and thereupon he duly qualified as such secretary and treasurer, and the defendant was notified of such election and qualification." The complaint also alleges a demand upon defendant that he turn over to said Dawson the money, books, papers, vouchers and seal of said corporation. and a refusal of defendant so to do. It also alleges that the plaintiff corporation is unable to transact its business without the use of its said books, papers, etc.; that the defendant refuses to perform the duties of secretary and treasurer of said corporation, and refuses the officers of said corporation access to the books and papers thereof; that defendant threatens to leave the state of Washington; that he is insolvent, and admits having in his possession $400 belonging to the plaintiff; and prays for a mandatory injunction requiring defendant to turn over to his successor in office, or to some proper officer of the corporation, the books, papers, vouchers, money, and the seal of said corporation, for judgment for $884.74, the money alleged to belong to the corporation, and for $500 damages. Before the issues were made up, a hearing upon plaintiff's application for a mandatory injunction was had upon affidavits filed by both plaintiff and defendant. At this hearing the court granted a temporary mandatory

injunction, requiring defendant to deliver to one James Lauzon, president of the said corporation, all the books, papers, and the seal, together with the sum of $373.98, which defendant admitted he had in his possession, belonging to the plaintiff. From this order the defendant appeals.

It conclusively appears from the affidavits of both plaintiff and defendant filed upon the hearing for this order of injunction that the real purpose of the action is to determine whether the appellant or James Dawson is the lawful secretary and treasurer of the plaintiff corporation. The plaintiff claims that Mr. Dawson is the legally elected and qualified secretary and treasurer, and is entitled to the possession of the books, papers, moneys, and insignia of office as such; while defendant denies that his term of office has expired, denies that his successor has ever been legally elected, and also denies that he is threatening to leave the state, or that he is insolvent, or that he has refused to perform any of the duties of his office, or that he has refused the officers and stockholders free access to the books and papers of his office. He further states that no stockholders' meeting was ever legally called for the purpose of electing trustees or other officers to succeed himself and associates. The effect of the mandatory order of injunction appealed from was to dispossess the appellant of his office, and dispossess him of the property belonging thereto, upon the preliminary hearing. Certainly, where there is a *bona fide* claim of right to the possession of an office and the property belonging thereto, the court will not dispossess one in possession so claiming pending a determination of that question, especially where the one in possession and claiming the right to act as such officer is willing to and does perform all the duties of his office. In the case of *State ex rel. Byers v. Superior Court of Spokane County,*

28 Wash. 403 (68 Pac. 865), which was a branch of this same case, we held that, under the provisions of the Code (Ballinger), § 5460, the court would have no authority to take the property of the corporation from the possession of one officer and deliver it to another, not authorized by the charter and by-laws to hold it. In the case of *Kimball v. Olmsted,* 20 Wash. 629 (56 Pac. 377), where an appointive city officer had been removed upon recommendation of the mayor, this court held that the remedy of the person claiming was by an information in the nature of quo warranto under § 5780, Bal. Code; and in *State ex rel. Mitchell v. Horan,* 22 Wash. 197 (60 Pac. 135), it was held that these provisions were applicable to private corporations. The title to an office cannot be tried in an action of replevin for personalty of the corporation. This being true, when it appeared to the court that the only object of the action was to determine the rights of two contending parties to the office of secretary and treasurer, the application for injunction should have been denied.

The cause is therefore reversed, and the order of injunction vacated.

FULLERTON, C. J., and DUNBAR and ANDERS, JJ., concur.