[Civ. No. 661.   Second Appellate District.—May 6, 1909.]

## POTOMAC OIL COMPANY, a Corporation, and B. M. LOVELL, Petitioners, v. J. M. DYE, Respondent.

MANDAMUS—FOREIGN CORPORATION DOING BUSINESS IN THIS STATE—NEW SECRETARY—COMPELLING RESIDENT EX-SECRETARY TO TURN OVER BOOKS AND PAPERS.—This court has jurisdiction to issue a writ of mandate in favor of a foreign corporation doing business in this state, in pursuance of its articles of incorporation, and having its principal place of business at Los Angeles, and in favor of its newly elected secretary, to compel its ex-secretary who is and was during all of the period of his holding a resident of this state, to deliver up the corporate books, papers and other matters pertaining to the office of secretary to his successor, which he has in his possession and control in this state, entirely beyond the reach of the state in which the foreign corporation was organized, and who has refused after demand to deliver up the same.

ID.—TITLE TO OFFICE INCIDENTALLY INVOLVED.—Though the allegations of the petition do not show that the title to office is directly involved in the proceeding, yet the remedy by *mandamus* is appropriate to the proceeding before the court, notwithstanding the title to the office may be incidentally involved.

ID.—FUNCTION OF MANDAMUS NOT PREROGATIVE—APPROPRIATE LEGAL PROCESS TO ENFORCE ASSERTED RIGHT.—The writ of *mandamus* is no longer treated as a purely prerogative writ; but in its use in an original proceeding in modern practice the writ has come to be con-

sidered as merely a legal action between the parties, to which every one is entitled, when it is the appropriate process for asserting the right which he claims.

ID.—EXTRAORDINARY LEGAL REMEDY SUPPLEMENTING DEFICIENCIES OF COMMON LAW—EQUITABLE INTERFERENCE.—The writ of *mandamus,* although it is an extraordinary legal remedy, is in the nature of an equitable interference supplementing the deficiencies of the common law, and it will ordinarily be issued where a legal duty is established and no other means exist for enforcing it.

ID.—LEGAL DISCRETION OF COURT.—Though the writ lies in the legal discretion of the court, yet where one has a substantial right, which cannot be otherwise enforced, he is entitled as a matter of right to the writ, and it would be an abuse of discretion to refuse it.

ID.—ABSENCE OF OTHER REMEDY APPLICABLE TO PRIVATE CORPORATIONS. Neither the remedy by *quo warranto,* nor by suit in equity, nor by replevin nor by mandatory injunction, applies to a private corporation to try the title to an office nor to compel the delivery of books and papers by an ex-officer to his successor in office. The only appropriate remedy to compel such delivery, in the case before the court, is by *mandamus.*

APPLICATION for writ of *mandamus* to the resident ex-secretary of a foreign corporation.

The facts are stated in the opinion of the court.

H. J. Stevens, and O'Melveny, Stevens & Millikin, for Petitioners.

J. W. P. Laird, and C. L. Claflin, for Respondent.

TAGGART, J.—Application for writ of *mandamus.*

*Mandamus.* Petition shows the corporation petitioner was incorporated under the laws of the territory of Arizona, with its principal place of business at Phoenix, Arizona, and a provision in its articles of incorporation that it should have a branch office in the city of Los Angeles, California; and that the purpose of its incorporation was to buy, lease, hold and operate oil lands and oil wells and deal in the products thereof throughout the United States. That all its property is situated in the state of California, and it is, and has been for several years, engaged in operating its said property in that state, and during all this time all its business transactions and operations have been, and now are, carried on through its

office established at Los Angeles in the state of California, in accordance with the provisions therefor in its articles of incorporation. That all of its directors' meetings except two or three have, since December 29, 1908, been held in California, and that its fixed purpose and intent is to continue to so carry on its business and operations in said state.

That the officers of said corporation, according to the provisions of the by-laws thereof, are elected and hold office at the pleasure of the board of directors. That more than a year prior to the date named the respondent was elected secretary of said corporation and continued to hold that office until the said twenty-ninth day of December, 1908, when the petitioner B. M. Lovell was, at a meeting of the board of directors thereof, held in accordance with the by-laws at Phoenix, Arizona, regularly elected to succeed him, and said B. M. Lovell ever since said date has been, and now is, the secretary of the said corporation petitioner. That respondent, during the time he was secretary of said corporation, and ever since has been, and now is, a resident of the state of California, and while acting as such secretary maintained an office of said corporation in the county of Kern, state of California, where he kept in his possession the books, seal, papers and other matters and things connected with said office of secretary. That he still retains custody, possession and control of such office and of the books, papers and other matters pertaining thereto, and refuses to deliver the same to petitioner B. M. Lovell or admit him into the use or enjoyment of said office or any of the privileges thereof, notwithstanding respondent has been notified of Lovell's election to said office and the said Lovell has, as secretary of said corporation, made demand for the books, papers, matters, etc., belonging thereto.

The prayer of the petition is for a writ of mandate commanding the respondent to turn over all books, papers, etc., belonging to said office of secretary to said Lovell; and also the office itself, and to admit Lovell to the use and enjoyment thereof, and to all the rights and privileges incident thereto.

An alternative writ issued in accordance with the prayer of the petition, and for return thereto respondent files a demurrer to the petition, a motion to dismiss the proceedings and an answer. The issues of law raised by the demurrer and motion to dismiss present the questions of the jurisdiction of this court to deal with the internal affairs of the corpora-

tion petitioner, its domicile being in the territory of Arizona, and the appropriateness of the remedy by *mandamus*.

For the purpose of passing upon the issues of law raised by the demurrer and motion to dismiss, the petitioner appears in the light of a foreign corporation seeking to recover from a former officer the books, papers, etc., of his former office, he having refused to give them up after his term of office has expired; such former secretary being a resident of this state, having the books, etc., in his possession in this state, and entirely removed from the jurisdiction of the courts of the state of which the petitioner is a resident. While it is possible that the prayer might suggest that title to the office is involved in the controversy, the allegations of the petition leave no question in this regard. It hardly seems necessary to cite authorities to show that on the face of the petition this court has jurisdiction to entertain such a proceeding.

As to the remedy. *Mandamus* is no longer treated as a purely prerogative writ. In its use in an original proceeding in modern practice, the writ has come to be considered as merely an action at law between the parties. The right to the writ and power to issue it has ceased to depend upon any prerogative power. It is nothing more than the ordinary process of a court of justice to which every one is entitled, where it is the appropriate process for asserting the right he claims. (*Marbury* v. *Madison,* 1 Cranch, 137, 176; *Kendall* v. *United States,* 12 Pet. 524, 615; *Kentucky* v. *Dennison,* 24 How. 66, 98; *United States* v. *Henry Co.,* 6 Wall. 166, 198.)

*Mandamus,* although it is an extraordinary legal remedy, is in the nature of an equitable interference supplementing the deficiencies of the common law. It will ordinarily be issued where a legal duty is established, and no other sufficient means exist for enforcing it, says the Connecticut court in *Bassett* v. *Atwater,* 65 Conn. 355, [32 Atl. 937]. In this case a *mandamus* issued to enforce a provision of a by-law of the corporation relating to the calling of a special meeting of the stockholders, a distinction being drawn between a contractual right and a duty imposed by the by-laws of a private corporation; it being conceded that the writ would not lie to enforce a mere private contractual obligation.

Its issuance is not necessarily a matter of right, but lies rather in the discretion of the court, but where one has a substantial right to protect or enforce, and this may be accom-

plished by such a writ, and there is no other plain, speedy and adequate remedy in the ordinary course of law, he is entitled as a matter of right to the writ, or perhaps more correctly, in other words, it would be an abuse of discretion to refuse it. Notwithstanding the loss of its prerogative character, the courts, in the issuance of the writ, will still be governed by the same rule and purpose for which it issued at common law, to wit: in order to prevent a failure of justice. (*Gay* v. *Torrance,* 145 Cal. 144, [78 Pac. 540].)

As a means to compel a person claiming to act as an officer of a private corporation to deliver up to the corporation its seal, books, papers, records, etc., it has been frequently issued; the leading case to this effect being the case of *American Ry. Frog Co.* v. *Haven,* 101 Mass. 398, [3 Am. Rep. 377]. Other cases in the same jurisdiction (Massachusetts) approving this rule are cited in *New England Mut. Life Co.* v. *Phillips,* 141 Mass. 535, [6 N. E. 541]. (See, also, *Haupt* v. *Rogers,* 170 Mass. 71, [48 N. E. 1080, 1082].) Says the Missouri court of appeals: "It is now well settled that *mandamus* will lie upon the petition of a private corporation to compel the surrender of its records, books and papers, which are unlawfully withheld by one of its former officers." (*State* v. *Davis,* 54 Mo. App. 447, 450.) Even where the books, records, etc., detained were purchased and paid for by the secretary and the corporation had not repaid him, it was held that this gave no right to detain them when he ceased to be secretary, and that *mandamus* would issue to compel their delivery to the corporation. (*State* v. *Goll,* 32 N. J. L. 285, 292.)

It has been held proper for the writ to issue for this purpose at the suit of a foreign corporation under circumstances which cannot well be distinguished from those in the case before us, under a statute identical with ours (*State* v. *Cronan,* 23 Nev. 437, [49 Pac. 41, 43]) ; and we find nothing in the authorities cited from this state in conflict with this view, so that the demurrer will have to be overruled and the motion to dismiss denied.

In respect to the jurisdiction of this court to try the issues raised by the answer in a proceeding of this kind, we are of the opinion that it is competent for us to do so. So long as the respondent remains without the jurisdiction of the territory of Arizona, it is apparent that the courts of that territory will be powerless to determine either the relation of the respondent

to the office of secretary, or his rights in respect to the books, papers, etc., belonging to the office, for the purpose of enforcing the adjudication so had in the state of California. No other remedy has been suggested in which the title to the office could be first tried in this state but that of *quo warranto,* and the cases cited to support this view all relate to title to public offices. (*Smith* v. *Olds,* 3 Cal. 167, [58 Am. Dec. 398]; *Meredith* v. *Supervisors,* 50 Cal. 433; *Kelly* v. *Edwards,* 69 Cal. 460, [11 Pac. 1].) No distinction being drawn in *People* v. *Harvey,* 62 Cal. 508, and the record not disclosing the character of the office in question, it will be assumed that it is the same as in the other cases. The reason for the denial of relief by *mandamus* in these cases was because there was an adequate remedy at law in the *quo warranto* proceeding.

No such reason exists where the office in question is one in a private corporation. The title to such an office cannot be tried in an action in equity (*New England* v. *Phillips,* 141 Mass. 535, [6 N. E. 534]); or by *quo warranto* in most jurisdictions. (*Haupt* v. *Rogers,* 170 Mass. 71, [48 N. E. 1080].) And it cannot be tried in an action in replevin to recover the papers and books, or a suit for a mandatory injunction, in a jurisdiction in which by statute the proceeding in *quo warranto* is made applicable. (*Standard Co.* v. *Byers,* 31 Wash. 100, [71 Pac. 766].) We are of opinion that it is competent for the courts of this state to entertain an action by a foreign private corporation against its officers resident of this state of whom it cannot obtain jurisdiction in its own domicile (*Miller* v. *Quincy,* 179 N. Y. 294, [72 N. E. 116]), and that in this state the remedy by *mandamus* is appropriate for the purpose of the proceeding before us, notwithstanding the title to the office may be incidentally involved.

Demurrer overruled and action to dismiss denied.

Allen, P. J., and Shaw, J., concurred.