[S. F. No. 10706. In Bank.—May 31, 1923.]

P. C. DRESCHER et al., Petitioners, v. BOARD OF SUPERVISORS OF BUTTE COUNTY et al., Respondents.

[1] MANDAMUS—TITLE TO OFFICE—IRRIGATION DISTRICTS.—A writ of *mandamus* to compel a board of supervisors to appoint a member of an irrigation district, upon the ground that there is a vacancy, the application showing that the position is occupied by one who is performing the duties of the office with the acquiescence of his associates and under claim of right, should not be granted until it has been established by judicial process that there is a vacancy to be filled.

APPLICATION for a Writ of Mandamus to compel a Board of Supervisors to appoint a member of an irrigation district board.    Writ denied.

The facts are stated in the opinion of the court.

Elmer W. Armfield and Arthur B. Eddy for Petitioners.

No appearance for Respondents.

THE COURT.—This is an application for a writ of *mandamus* to compel the respondent Board of Supervisors to appoint a member of the Honcut-Yuba Irrigation District, upon the ground that there is a vacancy in the board of that district representing division one.

When a *mandamus* may issue to compel surrender of office, note, 31 L. R. A. 343.

The application shows that the position is now being occupied by one C. F. Cox, who is performing the duties of the office with the acquiescence of his associates and under claim of right.

[1] Under the circumstances a writ of *mandamus* should not be issued because, in effect, it would require us to try the title to the office. The writ should not be granted until it has been established by judicial process that there is a vacancy to be filled. (*Kelly* v. *Edwards*, 69 Cal. 460 [11 Pac. 1].)

The petition is denied.