[L. A. No. 13966.  In Bank.—May 26, 1933.]

DAVID E. ROGERS, Petitioner, v. THE BOARD OF DIRECTORS OF THE CITY OF PASADENA (a Municipal Corporation) et al.; Respondents.

Woodruff & Burr for Petitioner.

Harold P. Huls, City Attorney, and John W. Holmes, Deputy City Attorney, for Respondents.

LANGDON, J.—This is a petition for a writ of mandate.

On June 7, 1932, a petition was filed with respondent Board of Directors of the City of Pasadena, under the Annexation Act of 1913 (Stats. 1913, p. 587; Deering's Gen. Laws, 1931, Act 5159), signed by a sufficient number of qualified electors in a certain described territory, which proposed that the said territory be annexed to the city. On August 2, 1932, and on September 20, 1932, by two other instruments, *all* of the qualified electors who had signed the petition for annexation requested that their names be withdrawn and the petition be denied. Thereafter respondents refused to proceed to call an election and submit the question of annexation to the electors of the said territory, as required by the statute.

On August 22, 1932, a petition by the requisite number of qualified electors within said territory was presented to the board of supervisors of Los Angeles County, seeking incorporation of the territory and additional land as a city of the sixth class, under the provisions of the Municipal Incorporation Act of 1883 (Deering's Gen. Laws, 1931, Act 5233). The board refused to proceed to hear and act on the petition, claiming that it had no jurisdiction to do so while the above-mentioned annexation proceedings were pending.

Thereafter a sufficient number of the electors in said territory and additional land signed a petition proposing that it be annexed to the city of San Marino; but this petition is being withheld from filing by the signers, who do not intend to proceed with the same unless and until the previous annexation and incorporation proceedings are terminated adversely to the petitioners therein.

Petitioner is a qualified elector in the said territory and alleges that he sues for the benefit of all of the qualified electors therein; that it is the duty of respondent board to call a special election upon proper notice, and submit the question of annexation to the electors; that demand has been made upon the board and it has refused to act; and that petitioner has no adequate remedy at law.

█ It is apparently conceded by respondent that the petition was not rendered insufficient by the withdrawals, inasmuch as this court has decided that signers of a petition of this general character may not, after filing, withdraw their names and thereby defeat the jurisdiction of the body with which the petition was filed. (*Uhl* v. *Collins,* 217 Cal. 1 [17 Pac. (2d) 99, 85 A. L. R. 1371].) Certain other objections to the granting of the petition are, however, made.

█ The first contention of respondent is that the territory proposed to be annexed contains large separable parcels of *uninhabited* land, and that therefore the act of 1889 (Stats. 1889, p. 358) providing for annexation of uninhabited territory applies, and not that of 1913, which only covers the annexation of inhabited territory. An examination of the map which is included in the record fails to support the assertion that the unoccupied portions of the territory are separable and independent of the main inhabited portions. There are streets and roads in the whole tract, and the inhabitants are scattered throughout its area. While this court doubtless has power in a clear case to determine that a case falls outside the scope of the act of 1913 (see *People* v. *City of Lemoore,* 37 Cal. App. 79 [174 Pac. 93] ; *Capuchino Land Co.* v. *Board of Trustees of San Bruno,* 34 Cal. App. 239 [167 Pac. 178]), this is not such a case. The extent and character of the land proposed to be annexed is a matter for the electors to decide. (See *People* v. *Town of Ontario,* 148 Cal. 625 [84 Pac. 205] ; *People* v. *City of Los Angeles,* 154 Cal. 220 [97 Pac. 311].)

█ A more serious question is presented by respondent's contention that the granting of the writ would result in a futile act at a considerable expense to the community, and that therefore *mandamus,* a discretionary remedy, should be denied. It is pointed out that every qualified elector who signed the original petition has formally indicated his change of opinion by attempting to withdraw his signature; and that so far as appears in the record, petitioner is the only person residing in the territory who desires that the question of annexation be put to a vote. It is further urged that since other proceedings have been taken both to incorporate the area as a city of the sixth class and to annex it to the city of San Marino, which proceedings have been held in

abeyance pending a termination of the first proceeding, proper and adequate relief will be afforded petitioner by a denial of this writ, for in such event, either of the other objects may be attained. We think there is merit in this position. The fact that respondent was not justified in refusing to act upon the petition does not of itself entitle petitioner to the extraordinary remedy demanded. It does not satisfactorily appear that the granting of the writ will result in anything but an expensive and fruitless proceeding. We are disposed, therefore, to follow the views expressed by us in a case involving a somewhat similar situation, *Fawkes* v. *City of Burbank*, 188 Cal. 399 [205 Pac. 675]. There the petitioner sought the writ to compel the trustees of the city to call a special consolidation election. A previous election had been held at which the proposition was decisively defeated, but the petitioner asserted that defects in the proceedings leading to that election rendered it void. This court assumed that such was the fact, but nevertheless held that the writ should be denied. Quoting from High on Extraordinary Legal Remedies, section 9, we said: " . . . cases may therefore arise where the applicant for relief has an undoubted legal right, for which *mandamus* is the appropriate remedy, but where the court may, in the exercise of a wise discretion, still refuse the relief . . . " Further on, the opinion continues: "If the writ of mandate is denied, and the public sentiment of the city is really in favor of the consolidation, it will require but little expense to secure another petition of one-fourth of the voters and file the same with the board of trustees, whereupon a correct resolution can be adopted and a correct notice of election given calling the required election. On the other hand, if the writ is issued, the necessary result will be the incurring of the very considerable expenditure necessary for the publication of the notice and for the holding of the proposed election. In the face of the very pronounced sentiment against consolidation, we do not think the court should proceed to the length of issuing the writ. If the public sentiment is against it, it is useless to hold an election; and if the persons agitating for consolidation are doing so merely for the purpose of agitation, the court should not lend its aid in their behalf. The simpler and better method for all concerned is to leave the matter to

the qualified electors of the city, to call a new election or not as may be desired."

The alternative writ heretofore issued is discharged and the peremptory writ is denied.

Preston, J., Thompson, J., Curtis, J., Shenk, J., and Seawell, J., concurred.