[Civ. No. 10044.   Second Appellate District, Division Two.—October 11, 1934.]

H. CONKLIN COON, Petitioner, v. E. W. BISCAILUZ, Respondent.

William E. Dudney and A. L. Graham for Petitioner.

Everett W. Mattoon and S. V. O. Prichard for Respondent.

WILLIS, J., *pro tem.*—The alternative writ of *mandamus* was issued herein directed to the sheriff of Los Angeles County to forthwith release certain personal property held by him under writ of attachment and release of which had been demanded of him by petitioner on a claim of exemption based on provisions of section 690 of the Code of Civil Procedure, or show cause why he has not done so. By his return the sheriff admits possession of the property under writ of attachment issued in an action against petitioner and others for debt, and that the property is personal property of petitioner, but puts in issue the character or status of petitioner as one entitled to claim the exemption as made.

It appears from the petition that after levy and seizure of her property by the sheriff, petitioner filed a verified claim of exemption thereof, alleging that she was a mechanical engineer and that the property attached is necessary to carry on her trade and craft. By a counteraffidavit, made on behalf of the attaching plaintiff in the action, her title was denied on information and belief and on the same basis it was denied that she was a mechanical engineer. Confronted with this controversial situation the sheriff refused to release the property from attachment, and this method has been employed by the unsuccessful claimant to secure such release. The return herein eliminates the previous issue of ownership but creates an issue of fact in respect to petitioner's status as a mechanical engineer. From the state of the record herein it appears that claim might be made for exemption of portions of the property described under subdivision 1 of section 690 of the Code of Civil Procedure, and of other portions of such property under subdivision 4 thereof, provided the latter claim was based on undisputed facts as to status of petitioner as a mechanic or artisan.

■ The writ of *mandamus* is the remedy provided to prevent a failure of justice when there is not a specific remedy in the ordinary course of law. If there is any adequate legal remedy, *mandamus* may not be resorted to as a substitute therefor. To authorize the issuance of the writ there should not only be a want of specific remedy, but also there should be a specific legal right; the right must be perfect, not inchoate, and the party sought to be coerced must be bound to act. If the existence of the right is doubtful the writ will be denied. (16 Cal. Jur. 767, 768.) ■ The right of the petitioner herein to secure the release of the property in question is disputed on the basis of facts existing in relation to her status and use of the property. This dispute the sheriff declined to determine, but at his peril refused to release. Thereupon petitioner had a specific remedy in the ordinary course of law. She could ·have moved the court which issued the writ of attachment to order release of the described property as exempt from execution upon satisfactory showing of her right; and for refusal of the court to grant such motion there was a further remedy in ordinary course of law by appeal. That this remedy was available and constituted a legal remedy is settled by the Supreme Court in the case of *Holmes* v. *Marshall*, 145 Cal. 777 [79 Pac. 534, 104 Am. St. Rep. 86, 2 Ann. Cas. 88, 69 L. R. A. 67], which has never been reversed or modified in respect to this point and wherein the court said: ''Courts have power over their own process, and to set aside a levy of a writ of attachment or execution upon exempt property.'' Further discussion is unnecessary to this decision.

The alternative writ herein is dismissed and a peremptory writ is denied.

Stephens, P. J., and Desmond, J., concurred.