[S. F. No. 15198. In Bank.—October 11, 1937.]

MARY E. MORRIS, Petitioner, v. SOUTH SAN JOAQUIN IRRIGATION DISTRICT et al., Respondents.

Clark, Nichols & Eltse for Petitioner.

Peter tum Suden and Richard tum Suden, as *Amici Curiae* on Behalf of Petitioner.

Nutter & Rutherford, Newton Rutherford, Philip Cavalew, Stephen Dietrich and D. R. Jacobs for Respondents.

George F. Covell for Intervener.

A. L. Cowell, Hankins & Hankins, Arvin B. Shaw, Jr., Harry W. Horton, James R. McBride, C. Ray Robinson, Hugh K. Landrau, Stephen W. Downey, Downey, Brand & Seymour, as *Amici Curiae* on Behalf of Respondents.

THE COURT.—This proceeding in *mandamus* was brought to compel the respondent and its officers to make

available certain moneys in the custody of the treasurer of the district for the payment of past due interest and principal coupons of bonds of the district owned by the petitioner. As a return to the alternative writ the respondents filed a verified answer setting forth the fact that there was then pending in the United States District Court a proceeding for the confirmation of a plan of adjustment of the outstanding bonded indebtedness of the district, pursuant to the provisions of section 80 of the National Bankruptcy Act. Upon the showing then made it was ordered that the present proceedings be suspended until the matter in the federal court was terminated. (*Morris* v. *South San Joaquin Irr. Dist.,* 2 Cal. (2d) 492 [41 Pac. (2d) 537].) Thereafter, on May 25, 1936, the Supreme Court of the United States declared section 80 of the National Bankruptcy Act unconstitutional. (*Ashton* v. *Cameron County Water Imp. Dist.,* 298 U. S. 513 [56 Sup. Ct. 892, 80 L. Ed. 1309].) On November 9, 1936, the United States District Court made an order dismissing for want of jurisdiction the irrigation district proceeding pending before it. The district appealed to the Circuit Court of Appeals for the Ninth Circuit. The order of dismissal was affirmed by that court on April 5, 1937. (*South San Joaquin Irr. Dist.* v. *Gillett,* 89 Fed. (2d) 1018.)

On December 30, 1936, the petitioner herein filed an amendment to her petition for the writ of *mandamus* and a supplemental petition setting forth the fact that the Supreme Court of the United States had declared section 80 of the National Bankruptcy Act unconstitutional; also that the District Court had dismissed the proceedings pending before it. Upon the amended pleading this court issued a second alternative writ returnable on January 8, 1937, at which time the proceeding was continued to April 6, 1937.

In March, 1937, the legislature passed Assembly Bill No. 2786 entitled: "An act providing ways and means for liquidating, refinancing and readjusting certain indebtedness of irrigation districts in default; for judicial proceedings to carry out such purpose; for the confirmation of plans for liquidation, refinancing and readjustment; authorizing the exercise of the police power and the power of eminent domain for the acquisition and cancellation of obligations of districts held by persons not accepting such plan; declaring an emergency and the urgency hereof and providing that this act shall take effect immediately." (Chap. 24, Stats.

1937.) By section 1 of that act the law was declared to be an urgency measure and it went into effect upon its approval by the Governor on March 30, 1937. As indicated by the title the act provides for proceedings by petition in the superior court to carry out a plan for liquidation, refinancing and readjustment of the indebtedness of irrigation districts, after such plan has been approved by the board of directors of the district and by the California District Securities Commission.

On April 5, 1937, the respondent irrigation district filed a petition in the Superior Court in and for the County of San Joaquin setting forth that a plan of debt adjustment had been adopted by the board of directors of the district; that such plan had been approved by the California District Securities Commission, all as provided in the act of March 30, 1937, and praying that the superior court, after due notice and hearing to all parties concerned, approve the plan and make its findings and judgment as in said act provided.

When the present matter came on for hearing on April 6, 1937, the respondent district filed its answer alleging the filing of the petition in the superior court as above indicated. By this answer the district also denied certain allegations of fact set forth in the amended and supplemental petition herein. Upon the hearing herein on April 6, last, the respondent district moved this court to postpone further consideration of the present matter until the proceeding in the superior court had been duly heard and determined. It was insisted in that behalf that the respondents' plea in abatement, regardless of the provisions of the statute, was and is sufficient to require the postponement of the present proceeding and that for that reason alone this court should not proceed until after there has been a hearing and the ascertainment of the facts and a determination by the superior court, which hearing (it is now pointed out) is set for October 13, 1937.

It is further contended by respondents that under section 5 of the act of March 30, 1937, this court is bound to postpone its determination herein until after the proceeding pending in the superior court is terminated. That section provides: "The filing of such petition [in the superior court] shall operate automatically to enjoin and stay, pending final determination of the proceedings as herein set forth, the

commencement or continuance of suits or proceedings against the district or any officer or board of directors thereof which would interfere with or prevent the carrying out of the plan, and shall also operate automatically to enjoin and stay the enforcement of a lien or the levy of assessments except in so far as is consistent with and in furtherance of such plan. The court in which said petition is filed shall have exclusive jurisdiction with respect to all suits, actions and proceedings against the district filing such petition or any board of directors or officer thereof on account of the indebtedness of such district proposed to be liquidated, refinanced or readjusted by such plan or to enforce any lien or the levy of any assessments for the payment of such indebtedness and all matters incidental and collateral thereto and it shall be deemed that said plan is temporarily in full force and effect. It is hereby found and declared that proceedings for or the issuance or enforcement of a writ of mandate or other action or proceeding to enforce any lien or to enforce the levy of assessments for the payment of such indebtedness other than as provided in such plan would, during pendency of said proceedings, result in disorder and confusion and destruction of joint, relative and correlative rights of creditors affected by said plan and injury of third persons.''

The petitioner insists that the court should not deem itself governed by the foregoing statutory stay for the reason, so it is claimed, that the statute is unconstitutional, and it is urged that this court explore the provisions of the act, declare it unconstitutional, and proceed herein notwithstanding.

But independent of the statute, the record before us affords sufficient reasons for the postponement until after the superior court has heard and determined the cause pending before it. In such event the disputed questions of fact may there be resolved. The respondents urge with much force that this could not be done herein without a reference; that the superior court is the appropriate fact-finding tribunal in the matter; that the superior court has jurisdiction in the first instance to pass upon the validity of the act of March 30, 1937, and that no questions of public interest are disclosed which would warrant a contrary course. Section 5 of the act in terms requires a postponement. Whether its provisions constitute an unwarranted interference with the constitutional jurisdiction of this court in *mandamus*

need not be now considered. In any event the present proceeding should be suspended until after the matter pending in the superior court has been heard and determined. (See *Keyston* v. *Banta-Carbona Irr. Dist.*, 19 Cal. App. (2d) 384 [65 Pac. (2d) 371].)

It is so ordered.