[Civ. No. 4836. Fourth Dist. July 22, 1954.]

SWEETWATER FRUIT COMPANY (a Corporation), Respondent, v. THE CITY COUNCIL OF THE CITY OF NATIONAL CITY et al., Appellants.

Edwin M. Campbell, City Attorney (National City), for Appellants.

Merideth L. Campbell and James B. Abbey for Respondent.

MUSSELL, J.—On April 18, 1951, annexation proceedings, under the provisions of the Uninhabited Territory Act of 1939 (Gov. Code, §§ 35300-35326), were completed by the city of National City, a municipal corporation of the sixth class, annexing thereto certain territory known as ''Rancho Mesa.'' Thereafter, within two years, petitions were filed pursuant to the provisions of section 35561.1 of the Government Code, to exclude all of the property so annexed. The city refused to pass an ordinance excluding said area on the ground that the persons signing and filing petitions with the city clerk requesting exclusion of the territory known as Rancho Mesa do not constitute ''owners of property within said territory owning not less than 75 per cent of the land in the territory . . . by assessed value, as shown on the last equalized assessment roll of the county . . .''

The trial court found that the petitions were sufficient in this respect and complied in all respects with all the provisions and requirements of said section 35561.1 of the Government Code. A peremptory writ was issued and judgment was entered requiring the city council to forthwith adopt an ordinance deannexing and excluding from the city the territory known as Rancho Mesa. The city appeals from this judgment.

The parties to this appeal, through their respective counsel, have filed herein a written stipulation that all of the parcels of property within the territory known as ''Rancho Mesa'' are as therein set forth; that the identification number set forth before each parcel is the San Diego County assessor's arbitrary assessment number; that the valuation set forth after each parcel is the assessed valuation of each parcel of property within Rancho Mesa as shown on the 1951-1952 equalized assessment roll of the assessor of San Diego County; that the owners of said property, both at the date of signing said petition and at the date of the filing of said petition with the city clerk and at all times thereafter up to and

including December 16, 1952, the date of rejection of all petitions by the city council, are as therein set forth as follows:

| "ARBITRARY NUMBER: | OWNER: | ASSESSED VALUE: |
|---|---|---|
| 33-1A-1 | RANCHO HILLS, INC. | $ 270.00 |
| 33-1A-2 | SWEETWATER FRUIT CO. | 2,840.00 |
| 33-1A-3 | RANCHO BONITA, INC., also known as SWEETWATER FRUIT CO. | 1,210.00 |
| 33-1A-4 | RANCHO HILLS, INC. | 1,050.00 |
| 33-1A-5 | CITY OF SAN DIEGO | 320.00 |
| 33-1B-1 | BANK OF AMERICA TRUST & SAVINGS, in trust for RANCHO BONITA, INC., also known as SWEETWATER FRUIT CO. | 390.00 |
| 33-1B-2 | GOLDIE & CLARKE BEQUEAITH | 300.00 |
| 33-1B-3 | HOMER BROWN | 80.00 |
| 33-1B-4 & 5 | ANNE CHINCOLL KELLY | 90.00 |
| 33-1B-6 | SWEETWATER FRUIT CO. | 620.00 |
| 33-1B-7 | HARLAN & GLADYS DWIERE | 1,270.00 |
| 33-1B-8 | V. R. & ORA E. BUFF | 1,740.00 |
| 33-1B-9 | CITY OF SAN DIEGO | 20.00 |
| 33-1B-10 | JOSEPH & LYDIA WILLKOMM | 1,760.00 |
| 33-1B-11 | JOHN & VERNA MCINTOSH | 2,990.00 |
| 32-135C-1 to 14, inc. | VERDA ADAMS | 280.00 |
| 32-135A-1 to 10, inc. | VERDA ADAMS | 200.00 |
| 32-135a-11 | UNKNOWN | 50.00 |
| 32-135B-1 & 2 | VERDA ADAMS | 40.00 |
| 32-135B-3, 4 & 5 | WEST COAST CORPORATION | 120.00 |
| 32-135B-6 | VERDA ADAMS | 20.00 |
| 32-62A-1 | SYLVAIN & FRANCES UTERWYK | 1,980.00 |
| 32-62A-2 | DANIEL P. BAUERT | 1,960.00 |
| 32-62A-3 | QUAYLE & ALTHEA MUMFORD | 1,680.00 |
| 32-62A-4 | MATIANA & ELIGIO VIDRIO | 1,250.00 |
| 32-62A-5 & 6 | ANTONIO & MARGARETA MARTINEZ | 690.00 |
| 32-62A-7 | FELIZ MEDIANO | 220.00 |
| 32-62A-8 | E. O. & MRS. E. O. CRUTCHFIELD | 1,170.00 |
| 32-62A-9A | DARWIN NEWELL | 470.00 |
| 32-62A-9B | GEORGE & INA NEWELL | 470.00 |
| 32-62A-10 | MAXINANO & AVIS TULAO | 2,590.00 |
| 32-62A-11 | SILVER POTTER | 150.00 |
| 32-62A-12 | UNKNOWN | 20.00 |
|  |  | $28,310.00" |

The statute in question (Gov. Code, § 35561.1 provides that a petition for deannexation must be signed by owners of property located in the area annexed of not less than 75 per

cent in area and not less than 75 per cent in assessed valuation. It is conceded by the appellants that there is no question that the petitions were signed by owners of property holding more than 75 per cent of the *area* of the territory known as Rancho Mesa. The sole question, therefore, for consideration is whether the petitions were signed by property owners holding more than 75 per cent in assessed valuation of the property sought to be excluded.

Appellants contend that since George H. Newell, Mrs. George Newell, Feliz Mediano and A. E. Martinez, whose names are listed in said stipulation, withdrew their signatures from the petitions after they were filed with the clerk, that the valuations set opposite their names should not be considered in computing the total assessed value.    There is no merit in this contention for, as was held in *Rogers* v. *Board of Directors of Pasadena,* 218 Cal. 221, 223 [22 P.2d 509], signers of a petition of this general character may not, after filing, withdraw their names and thereby defeat the jurisdiction of the body with which the petition was filed.

Appellants next contend that the assessed valuation of the property of Quayle and Althea Mumford, as shown by the stipulation, should be reduced by one-half since the petition for exclusion was signed only by Quayle Mumford and the property was owned by and assessed to both Quayle and Althea Mumford. If this reduction in the assessed value was allowed, the total would be reduced in the sum of $840.

Appellants also contend that no part of the assessed valuation of the property owned by Matiana and Eligio Vidrio ($1,250) should have been considered by the city council in determining whether or not sufficient assessed valuation was shown. Apparently this petition was signed by Encarnacion Vidrio, as agent for the Vidrios and filed with the clerk. Subsequent to the filing thereof a power of attorney, dated January 13, 1953, was signed by the Vidrios empowering Encarnacion Vidrio to act as their attorney in fact in ratifying and approving his acts in signing the said petitions for exclusion.

Finally, it is argued that Sylvain Uterwyk, Frances Uterwyk and Daniel P. Bauert withdrew their signatures from their petitions on December 6, 1952, said date being prior to the filing of these petitions with the city clerk. The stipulated assessed value as to these parties amounts to the sum of $3,940.

   The total assessed value, as shown by the stipulation,

is $28,310, and it was necessary for the petitioners to file petitions for exclusion signed by the owners of property within the territory sought to be excluded owning property of not less than 75 per cent of the total assessed value, namely, $21,232.50. If we deduct the assessed values of the properties of the Vidrios ($1,250), the Uterwyks ($1,980), Bauert ($1,960) and $840 in the Mumford case, a total of $6,030, the petitions still show a total assessed valuation of $22,280, or more than that required by section 35561.1 of the Government Code.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.