[Civ. No. 7626.   Fourth Dist.   Nov. 24, 1965.]

PAUL M. BERRY, JR., Plaintiff and Appellant, v. CORONADO BOARD OF EDUCATION OF THE CORONADO UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

Harelson, Enright, Von Kalinowski & Levitt and Jack R. Levitt for Plaintiff and Appellant.

Bertram McLees, Jr., County Counsel, and Joseph Kase, Jr., Deputy County Counsel, for Defendant and Respondent.

FINLEY, J. pro tem.*—Appellant Berry petitioned the superior court for a writ of mandate ordering respondent Coronado Board of Education to pay appellant $2,560 as compensation claimed by appellant under a sabbatical leave agreement. The court found that appellant was not entitled to the compensation because he had "not performed all the terms and conditions of his sabbatical leave agreement."

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Appellant was a teacher in the Coronado Unified School District. Being a candidate for the degree of Doctor of Philosophy he requested and was granted a sabbatical leave during the school year starting July 1, 1960, and ending June 30, 1961, under the provisions of Education Code, sections 13457 et seq. A contract was made by appellant and respondent consisting of a letter by appellant to respondent explaining his reasons for requesting the sabbatical leave and an "Approval of Request for Sabbatical Leave" signed by both parties and approved by the superintendent of schools. Under the contract appellant agreed to the following: "This request was made under the provisions of Education Code § 13457 for the purpose of study and research. Since I [appellant] have already satisfied the full requirements of the University of California for courses and units leading to the degree of Doctor of Philosophy, evidence of progress would be the completion of the required dissertation and any related projects." The school district had adopted the following rule regarding such leave which was part of his contract: "Upon completion of the leave and within 60 days of the employee's return to duty, he shall submit one of the following to the superintendent:

"a. Transcripts of record if in-residence study, or transcripts of study on a special problem or research study." Under the agreement appellant was to receive the difference between his salary and the salary of the substitute teacher who replaced him, this difference being $2,560. He was also to receive any increments in pay under his salary schedule for that year. The $2,560 was to be paid in two installments, June 29, 1962, and June 28, 1963.

During the year of his leave appellant moved to Berkeley but apparently because of a misunderstanding concerning rules did not register with the University of California. He did, however, hold conferences and drafted and redrafted a dissertation required for the degree he was seeking. This dissertation, however, was not accepted by his committee.

Appellant returned to Coronado in August 1961 and resumed his duties with the district about September 11, 1961. In February 1962, some five months after returning to duty and apparently after some discussion with and urging by the Superintendent of Schools of Coronado Unified School District, appellant submitted to the superintendent a transcript from the University of California indicating his

attendance at the university prior to his leave period and also a letter from his doctorate committee supervisor, a Dr. Ross. The transcript from the university contained no information regarding appellant's activities during the period of his sabbatical leave. It did show that he was not registered at the university during that period. Later, appellant submitted another transcript showing entries in the university records before and after the period of appellant's sabbatical leave, but no entries during that period, nor any entries pertaining to his activities in quest of his Ph.D degree. The only one of these documents submitted which threw any light at all upon appellant's activities during the period of his leave was the letter from Dr. Ross.

Although the record indicates that appellant was granted additional time beyond the 60 days agreed upon within which to supply the material required by the agreement in support of his accomplishments during the leave, it does not show that appellant ever submitted anything at any time other than the two transcripts and the letter from Dr. Ross.

In support of his petition appellant urges the following:

A. The rule requiring submission of a transcript of study is impossible of performance.

B. Appellant substantially complied.

C. The rule should not be strictly construed.

The basis upon which appellant sought relief, as set forth in his petition, was that he had complied with all the terms and conditions of his leave agreement. Nonperformance and excuse were not pleaded. The petition contains no allegation that any rule or requirement pertaining to appellant's obligations under the agreement is invalid because of impossibility of performance. Appellant himself set the standard and measure of his performance in his letter of application for leave to respondent Board of Education in which he stated: ". . . evidence of progress would be the completion of the required dissertation and any related projects."

Appellant has established no cogent reason why this, his own specified requirement, or any rule, statute or requirement of the Teachers' Handbook incorporated into the agreement by law or by reference could not be met. His contention of impossibility urged in his brief but not in his petition is apparently based upon the interpretation he places upon the word "transcript" which he claims rendered evidence of

". . . the completion of the required dissertation and any related projects", impossible of being complied with.

What appellant is really asking in predicating an appeal upon the points above listed is that this court make findings of fact contrary to those made by the trial court and thereupon reverse the trial court. Whether the submission of a transcript of study was impossible under the circumstances of this case can, by no stretch of the imagination, be a question of law. It is purely a question of fact. Whether the efforts of appellant resulted in substantial performance is also a question of fact. The third point set forth above that: "The rule should not be strictly construed" refers to the rule adopted by respondent board requiring that in instances where sabbatical leave is granted that: "Upon completion of the leave, and within 60 days of the employee's return to duty, he shall submit one of the following to the superintendent: a. Transcripts of record if in-residence study, or transcript of study on a special problem or research study."

Whether any rule, including a rule of law, should be strictly construed or otherwise depends first of all upon the factual situation involved. Appellant states in his brief: "A cardinal rule of statutory construction is that the language of a statute should be construed to effect, rather than defeat, its eventual object and purpose." Citing *East Bay Garbage Co.* v. *Washington Township Sanitation Co.* (1959) 52 Cal.2d 708 [344 P.2d 289]. Also that: "A statute should never be construed so strictly as to render it . . . nugatory." (*County of Sacramento* v. *City of Sacramento* (1946) 75 Cal. App.2d 436, 443 [171 P.2d 477].)

We fail to see how these propositions of law relate to the question presented to the trial court which simply stated seems to be: Was the contract entered into by appellant lawful and not in violation of public policy; was it capable of being performed by him and did he perform as required thereunder? We find no legitimate issue of statutory construction or application. Appellant has pointed out no illegality in the contract nor any phase of involvement of public policy. The legality and legitimacy of the objectives of the contract are not questioned. Appellant has pointed out no question of law controlling or even measurably influencing the possibility of performance by either party. It follows therefore that the question of possibility of performance and whether there was actually a sufficiency of performance is merely a question of fact.

From the record before us, including the testimony of the witnesses, the documents in evidence and the discussions between the trial court and counsel, it is not made to appear that appellant took the initiative in attempting to resolve his problem before the superintendent or respondent board of education. He contends that the requirement in the agreement relating to proof of his activities or accomplishments is "impossible of performance," yet the record does not disclose that within the 60 days specified in the agreement, or within any additional time allowed, he made any reasonable attempt to supply anything relative to his leave activities which might have been accepted by respondent board, other than his testimony concerning some effort on his part to obtain an earlier verification from Dr. Ross. He submitted no affidavit or verified statement of his own nor anything verified or otherwise by anyone else who might have been in a position to supply information regarding his activities. He apparently had several discussions with the superintendent of the school district but the record does not indicate that these discussions related to the question of what the superintendent or members of respondent board would be willing to accept in satisfaction of the requirement. The record discloses no attempt on appellant's part to appear before respondent board for a discussion of the contract and his problem. His stated position that the provisions of the agreement relative to submitting a transcript are "impossible of performance" appear to be nothing more nor less than his conclusion entirely lacking in support and not founded upon any indication by respondent board as to what it would or would not have accepted in satisfaction of the contract requirement. Appellant apparently construed the word "transcript" as used in the agreement in its narrowest and most restrictive sense and concluded, without inquiring, that nothing that he could provide would be acceptable under his definition. Instead of supplying what he reasonably could in support of his activities and instead of contending before respondent board that transcript requirement should not be strictly construed and that he had substantially complied, he by-passed this possible and obvious course of action. Long after his time for negotiation had run out he filed this petition.

From the record before us, it would seem reasonable to say that during appellant's sabbatical leave he pursued the purposes for which leave was granted with some diligence and accomplishment even though the dissertation submitted by

him was not accepted by his committee. The trial court indicates no difference with this view and we are not convinced that respondent board would not have so found had appellant provided it with evidence of reasonable verity. The terms of the contract under which the leave was granted were of appellant's own making outside of the applicable statutory law and rules of the Teachers' Handbook incorporated by reference. But, as stated, he did not comply, nor for all that appears did he make any reasonable attempt to comply, within the time element of his contract by supplying such evidence to the respondent board as was available to him. The trial court found that respondent board denied him his provisional compensation and salary increment on this ground alone and that it was justified under the agreement in so doing. This finding is supported by the evidence. ██ When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it the power of an appellate court begins and ends with the determination whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact. ██ Furthermore, when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. (*Primm* v. *Primm,* 46 Cal.2d 690 [299 P.2d 231].) In view of the inertia and laches on the part of appellant, adding up to the fact that he had not in proper time exhausted his remedy before respondent board, we find no merit in his three points set forth above. ██ An applicant for a writ of mandate must show that his right thereto is clear and certain, for the remedy of mandamus is not a matter of right but is awarded in the exercise of sound judicial discretion. (*Irvine* v. *Gibson,* 19 Cal.2d 14 [118 P.2d 812] ; *Wallace* v. *Board of Education,* 63 Cal.App.2d 611 [147 P.2d 8].)

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.