Robert MITCHUM, d/b/a the Book Mart, Plaintiff,

v.

Clinton E. FOSTER, as Prosecuting Attorney of Bay County, Florida, M. J. "Doc" Daffin, as Sheriff of Bay County, Florida, and the Honorable W. L. Fitzpatrick, as Circuit Judge of the Fourteenth Judicial Circuit in and for Bay County, Florida, Defendants.

No. PCA 2224.

United States District Court,
N. D. Florida,
Pensacola Division.

July 22, 1970.

Paul Shimek, Jr., Pensacola, Fla., for plaintiff.

Clinton E. Foster, Mayo Johnston, Panama City, Fla., Raymond Marky, Tal-

lahassee, Fla., Joe J. Harrell, Pensacola, Fla., for defendants.

Before SIMPSON, Circuit Judge, and SCOTT and ARNOW, District Judges.

### OPINION—ORDER

PER CURIAM.

Before this statutory three-judge court (28 U.S.C. §§ 2281, 2284) for decision upon argument and submission after due notice are plaintiff's application for preliminary injunction in accord with prior temporary restraining orders issued herein by Judge Arnow as a single judge, and motions of the several defendants to vacate or dissolve said temporary restraining orders.

Also presented are motions of the defendants to strike and to dismiss addressed to the amended or supplemental complaint.

The facts necessary to our determination are briefly stated. Not in dispute, they are drawn from the pleadings and admissions therein and from stipulations entered into by counsel before Judge Arnow on July 8, 1970.

In late March 1970, the defendant Foster, in his official capacity brought suit in the Circuit Court for Bay County, Florida, under that state's general nuisance statutes, Sections 823.05 and 60.05, Florida Statutes, F.S.A., seeking abatement as a nuisance of plaintiff Mitchum's business "The Book Mart", 19 Harrison Avenue, Panama City, Florida. The defendant Fitzpatrick on April 6, 1970, in his official capacity as Judge of that court, granted interlocutory relief based upon the offering for sale by plaintiff of certain books determined by the state court after examination to be obscene under Section 847.011, Florida Statutes, F.S.A.

Review of that interlocutory order and later contempt proceedings against plaintiff thereunder is presently pending upon plaintiff's appeal before the appropriate Florida appellate court, the Florida District Court of Appeals for the First District.

After the state court had taken jurisdiction and entered its original order this suit was instituted. Judge Arnow as a single judge on May 12, 1970 and June 5, 1970, entered temporary restraining orders directed to the state prosecuting attorney, the state circuit judge, and the executive officer of the state court, Sheriff Daffin, enjoining further proceedings in and under the state court suit. Without detailing the exact dates of entry of the competing restraining orders of Judge Arnow and the injunctive orders of the state court, it is important to note that the state court suit was brought earlier in time and that the state court had assumed jurisdiction when the instant case was commenced. Judge Arnow's restraining order of May 12 was addressed to the original state court temporary injunction and his further restraining order of June 5 was based upon and addressed to the state court contempt proceedings.

Without discussing or determining the propriety or legality of Judge Arnow's temporary restraining orders as a means of preserving the jurisdiction of this court pending presentation of the questions involved to this three-judge court, we determine that dissolution of said temporary restraining orders is required by a significant decision rendered by the Supreme Court of the United States after Judge Arnow had acted for this court. The opinion referred to came down June 8, 1970, Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers et al., 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234. There in construing the anti-injunction statute first adopted by the Congress in 1793 and now carried forward through subsequent amendments as 28 U.S.C., Section 2283 [1], the court quoted its pronouncement in Amalgamated Clothing

---

[1] "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Workers of America et al. v. Richman Brothers Co., 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600 (1955), as follows: "This is not a statute conveying a broad general policy for appropriate *ad hoc* application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions" and proceeded:

"Since that time Congress has not seen fit to amend the statute and we therefore adhere to that position and hold that any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld. Moreover since the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction. Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." 398 U.S. 287, 90 S.Ct. 1743.

The injunctive relief sought here as to the proceedings pending in the Florida courts does not come under any of the exceptions set forth in Section 2283. It is not expressly authorized by Act of Congress, it is not necessary in the aid of this court's jurisdiction and it is not sought in order to protect or effectuate any judgment of this court.

Dealing with the "necessary in aid of its jurisdiction" exception the Supreme Court in *Atlantic Coast Line* said further:

"First, a federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear. This rule applies regardless of whether the federal court itself has jurisdiction over the controversy, or whether it is ousted from jurisdiction for the same reason that the state court is. Cf. Amalgamated Clothing Workers v. Richman Bros., supra, 348 U.S. at 519–520, 75 S.Ct. at 457–458. This conclusion is required because Congress itself set forth the only exceptions to the statute, and those exceptions do not include this situation. Second, if the District Court does have jurisdiction, it is not enough that the requested injunction is related to that jurisdiction, but it must be 'necessary in aid of' that jurisdiction. While this language is admittedly broad, we conclude that it applies something similar to the concept of injunctions to 'protect or effectuate' judgments. Both exceptions to the general prohibition of § 2283 imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." 398 U.S. 294, 90 S.Ct. 1747.

In conclusion the court in *Atlantic Coast Line* said:

"Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion." 398 U.S. 297, 90 S.Ct. 1748.

The clear applicability of *Atlantic Coast Line* to the facts here present makes unnecessary any further discussion by us of the principles involved in the interplay between state and federal jurisdictions. The temporary restraining orders are due to be dissolved, and the application for preliminary injunction must be denied. For like reasons

no permanent injunctive relief is warranted. No amount of tortured reasoning by us will suffice to force the factual situation in this case as outlined above into fitting any of the statutory exceptions to the anti-injunction mandates of Title 28, U.S.C., Section 2283. Injunctive relief, either preliminary or permanent, is not available on these facts.

The court at the hearing on this matter in Tallahassee on July 16, 1970, heard argument on the motions to dismiss the amended or supplemental complaint. The motions to dismiss were hurriedly filed and briefed in order to be considered at the July 16 hearing. Similar haste is not required in ruling upon them but we are constrained to provide a prompt and appealable ruling consonant with our views as to the availability of injunctive relief. This order will accomplish that end.

We do not contemplate requiring further argument (although we do not foreclose it) as to the motions to dismiss, but inasmuch as the complaint seeks declaratory as well as injunctive relief we consider it appropriate, before reaching a decision as to dismissal of the complaint, to call upon counsel for additional briefs in this respect. The briefs should cover the questions raised by the motions to dismiss, the complaint's prayer for declaratory relief, the applicability of the doctrine of abstention by this court during pendency of the state proceedings, and related and dependent questions. We do not foresee the necessity for reply briefs.

In consideration of the foregoing, it is Ordered:

1. Plaintiff's application for preliminary injunction is denied, and all further injunctive relief, preliminary or permanent, sought by the amended or supplemental complaint, is likewise denied. In this respect this order is intended to be final for all purposes, including appeal.

2. The defendants' motions to vacate or dissolve the temporary restraining orders herein of May 12, 1970 and June 5, 1970 are each granted and said temporary restraining orders are each vacated and dissolved.

3. The motion to strike from the amended or supplemental complaint reference to the defendant M. J. "Doc" Daffin "individually" is granted. *Sua sponte*, the court strikes any reference to actions of the defendants Foster and Fitzpatrick as individuals. The defendant Daffin's motion to strike paragraph 4 of the complaint is not passed upon since it is rendered moot by dissolution of the temporary restraining orders and by final refusal of any injunctive relief.

4. Ruling upon the motions to dismiss the amended or supplemental complaint interposed by the several defendants is deferred for further consideration by the court. In this connection the respective parties are directed to file and serve contemporaneous briefs on or before August 15, 1970. Four copies shall be filed with the Clerk, one for the court file and one for use of each of the three judges of this court.

ARNOW, District Judge (concurring):

Under *Atlantic Coast Line*, and its command, it is appropriate this Court now determine no permanent injunctive relief against the pending state court action is warranted. But there is not foreclosed by this order the possibility of injunctive relief against future enforcement of either or both of the state statutes here involved by the defendant state officers, in the event this Court does not dismiss, but proceeds to give declaratory relief, with such resulting in holding of unconstitutionality of one or both of these statutes.