Howard **JARVIS**, Louise B. Greenwood, For and on the behalf of herself and all other persons similarly situated, Plaintiffs,

v.

Edmund G. **BROWN**, Jr., as Secretary of State of the State of California, James Allison, as Registrar-Recorder of the County of Los Angeles, State of California, Defendants.

Civ. No. 72-979.

United States District Court, C. D. California.

June 14, 1972.

Opinion On Motion To Reopen Aug. 28, 1972.

Nathaniel J. Friedman and Stanton Lee Phillips, Los Angeles, Cal., for plaintiffs.

Evelle J. Younger, Atty. Gen., Henry G. Ullerich, Deputy Atty. Gen., Los Angeles, Cal., for Edmund G. Brown, Jr., as Secretary of State, of State of California.

John D. Maharg, County Counsel, Joe Ben Hudgens, Deputy County Counsel, Los Angeles, Cal., for James Allison as Registrar-Recorder of the County of Los Angeles, State of California.

## ORDER OF ABSTENTION

PREGERSON, District Judge.

This matter is before the Court on plaintiffs' motion to convene a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284 and on defendants' motions to dismiss. These motions were heard by the Court on June 12, 1972.

Plaintiff Greenwood is a registered California voter. Plaintiff Jarvis is the proponent of a proposed initiative measure designed to amend the California Constitution to place a ceiling on property taxes. To get the proposed initiative on the ballot, its backers must procure the signatures of approximately 525,000 registered voters—a figure which represents 8% of the number of persons who voted in the last gubernatorial election. The proposal's supporters gathered 400,000 signatures on petitions circulated in Los Angeles County. These petitions were presented to defendant Allison, Registrar-Recorder of Los Angeles County, who refused to certify over 40% of the signatures because of incorrect precinct designations. As a result of Allison's action, the proposed initiative failed to qualify for the June 1972 statewide election.

In their pleadings and papers plaintiffs mount a two-pronged federal due process and equal protection attack on California Elections Code § 3511, which states, in part: "Each signer [of an initiative petition] shall add to his signature his place of residence, giving the street and number if such exist. His election precinct shall also appear on the paper after his name . . . ."

Plaintiffs' fire is directed at the requirement that the "election precinct shall also appear on the paper after" the signer's name.

Plaintiffs admit that affixing the precinct number after each signature on the petition facilitates the checking and validation of the signatures by employees of the Registrar-Recorder's office. But they say that the burden of hunting for those precinct numbers should be borne by the Registrar-Recorder's employees, who have ready access and familiarity with their office's records, and not by the initiative's proponents.

The complaint further alleges that defendant Brown, Secretary of State of the State of California, has refused and continues to refuse to place upon the ballot any proposed initiative measure not certified by defendant Allison and other California Registrars as having the requisite number of signatures.

The complaint raises several state law issues which, if resolved in plaintiffs' favor, would obviate any need to reach federal constitutional questions.

Moreover, prior to filing this federal action plaintiffs sought relief in the California state courts by bringing Case No. 22722 in the Los Angeles Superior Court. In their pending state court lawsuit plaintiffs seek a declaration of their rights under § 3511 as well as various orders which would either require Allison to validate the signatures in question or allow plaintiffs additional time to present the correct precinct numbers for those signatures. On March 20, 1972, the Honorable Robert A. Wenke, Judge of the Los Angeles Superior Court, sustained a demurrer to the first cause of action without leave to amend and sustained a demurrer to the second cause of action with ten days' leave to amend. Plaintiffs' motion to reconsider was denied by Judge Wenke on April 12, 1972. Plaintiffs then repaired to this Court, filing the complaint herein on May 4, 1972. However, plaintiffs could have pursued the matter further before the state courts, and at the hearing before this Court counsel for the defendants stated that they would extend the cooperation of both the California Attorney General's office and the Los Angeles County Counsel's office for an expedited appeal within the state court system.

A state court decision favorable to plaintiffs would, as pointed out above, be dispositive of this case. It would also avoid needless friction between state and federal courts on unsettled and unclear questions of state law. Therefore, this Court elects to stay its hand and to abstain from further action until

questions of state law have been resolved by the California courts.

█ Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), sanctions the application of the abstention doctrine in "narrowly limited 'special circumstances.'" Justice Brennan, in his concurring opinion in Kaiser Steel Corp. v. W. S. Ranch Co., 391 U.S. 593, 594–595, 88 S.Ct. 1753, 20 L.Ed.2d 835 (1968), wrote that the "special circumstances" which permit abstention exist when the state law issue is of vital concern to the state involved.

"Special circumstances" were found in Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). In holding that the district court should have abstained from deciding that case on its merits, the Supreme Court in *Reetz* said: "A state court decision here, however, could conceivably avoid any decision under the Fourteenth Amendment and would avoid any possible irritant in the federal-state relationship."

In Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971), the Supreme Court ordered a three-judge court to abstain pending a decision in a state court case challenging a state statute on state grounds.

Two weeks ago the Supreme Court rendered its decision in Lake Carriers' Assn. v. MacMullen, 406 U.S. 498, 92 S. Ct. 1749, 32 L.Ed.2d 257 (1972). In affirming a district court's decision to abstain Mr. Justice Brennan said: "The paradigm case for abstention arises when the challenged state statute is susceptible to 'a construction by the state courts that would avoid or modify the [federal] constitutional question. Harrison v. NAACP, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152. Compare Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377.' Zwickler v. Koota, *supra*, 389 U.S. at 249, 88 S.Ct. at 396, 19 L.Ed. 2d at 444." 509, 92 S.Ct. at 1757.

This case presents issues that are clearly of vital concern to California. Moreover, the California Supreme Court has shown great concern and sensitivity for protecting the electoral process and the right to vote. *See, e.g.,* Young v.

Gnoss, 7 Cal.3d 18, 101 Cal.Rptr. 533, 496 P.2d 445 (1972).

In addition, the policies underlying Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), appear to be relevant in cases, such as this one, in which state civil litigation on the issues raised in the federal litigation is already in process. *Cf.* Mitchum v. Foster, 315 F.Supp. 1387 (N.D.Fla.1970), *probable jurisdiction noted* 402 U.S. 941, 91 S.Ct. 1612, 29 L.Ed.2d 112 (1971).

Accordingly, it appears to this Court that there are "special circumstances" here which make application of the abstention doctrine appropriate.

█ The statutes that provide for the convening of three-judge district courts place a heavy burden on the federal court system. In Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934), the Supreme Court held that a single judge can dismiss an action brought under § 2281 et seq. for lack of jurisdiction and that jurisdiction is lacking if the federal constitutional claim is insubstantial. Further, in Smith v. State of California, 336 F.2d 530 (9th Cir. 1964), the Court of Appeals for the Ninth Circuit held that the single district judge to whom the case is assigned should not convene a three-judge court if it is plain that no substantial federal question is presented. *See* also Eason v. Dickson, 390 F.2d 585 (9th Cir. 1968), cert. den. 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373 (1968). This Court is of the view that the same considerations which obviate the necessity for a single judge to call for the convocation of a three-judge court when the federal questions raised are clearly insubstantial apply with equal force when it is plain and clear that the abstention doctrine governs. Therefore, without ruling on the substantiality of the federal claims presented herein,

It is ordered and decreed that this Court does stay its hand and abstain from any decision on the merits of this case until the courts of the State of California have resolved the state law questions raised by the complaint in this case and by the complaint in Case No.

22722 before the Los Angeles Superior Court.

It is further ordered that the file in this case shall be closed, subject to reopening upon motion of either party subsequent to the resolution of the aforesaid state law issues by the courts of the State of California.

## ORDER DENYING MOTION TO REOPEN

This matter is again before the Court on plaintiffs' motions to reopen and to reconvene a three-Judge Court. The motions were heard on August 24, 1972.

By the Order of Abstention filed June 14, 1972, this Court decided to "stay its hand and abstain from any decision on the merits of this case until the courts of the State of California have resolved the state law questions raised by the complaint in this case and by the complaint in Case No. 22722 before the Los Angeles Superior Court."

Thereafter, on July 1, 1972 plaintiffs filed with the California Supreme Court a petition for a writ of mandamus directed to the defendants. On July 19, 1972, the California Supreme Court—without explanation—filed its minute order denying the petition. That order is not an adjudication on the merits. In Funeral Directors Ass'n v. Board of Funeral Directors, etc., 22 Cal.2d 104, 136 P.2d 785 (1943), the California Supreme Court held that a minute order denying an application for a writ of mandamus must be construed as a refusal by that court to exercise its original jurisdiction and is not intended to be an adjudication on the merits.

Moreover, the relief sought and issues raised before the California Supreme Court in the petition for writ of mandamus are the same as those set forth in the pending Superior Court action. In Irvine v. Gibson, 19 Cal.2d 14, 118 P.2d 812 (1941), a petition for writ of mandamus was denied where an action at law was pending in the Superior Court involving the same parties and issues. *See also* Keyston v. Banta-Car-

bona Irr. Dist., 19 Cal.App.2d 384, 65 P. 2d 371 (1937); Morris v. South San Joaquin Irr. Dist., 9 Cal.2d 701, 72 P.2d 154 (1937); People v. County of Tulare, 45 Cal.2d 317, 289 P.2d 11 (1955). These cases suggest a basis for the California Supreme Court's denial of the writ.

It is clear that disputed state law questions have not yet been resolved by the California courts.

In view of the foregoing the motion to reopen is denied and this Court's order of June 14, 1972 shall remain in effect.